■ DELANO C. ARMSTRONG, Appellant, v STATE OF NEW YORK, Respondent. [628 NYS2d 221] —Cardona, P. J. Appeal from a judgment in favor of the State, entered June 7, 1994, upon a decision of the Court of Claims (Orlando, J.H.O.).

Claimant, a prison inmate, was assigned certain employment duties in January 1991. Upon beginning the assignment, he was classified as a clerk, grade 3. Working with claimant in the same office was another inmate who was classified as a clerk, grade 4. Because of the higher grade, the other inmate earned more money than claimant. After this inmate was transferred to another prison facility in March 1991, claimant not only took over the former's duties but continued to perform his own existing tasks as well. Contending that he had been

promised a reclassification in the higher grade upon assuming the extra duties, claimant filed an inmate grievance which was denied on the ground that he was being properly paid at the grade 3 position.

Following the denial of a second grievance, claimant commenced this claim against the State in April 1992 contending, *inter alia*, that he was entitled to back pay. Specifically, he alleged that he was entitled to the difference in a grade 3 and grade 4 pay rate from March 22, 1991 (the date he assumed his new duties) until the date of commencing suit. Following a trial on the matter, the Court of Claims dismissed the claim concluding, *inter alia*, that based on the evidence and the testimony presented, claimant was not entitled to a wage increase. Claimant appeals.

There should be an affirmance. In our view, the Court of Claims' determination following its consideration of the relevant facts and conflicting testimony need not be disturbed (*see, Brown v State of New York*, 192 AD2d 936, *lv denied* 82 NY2d 654). Although claimant contended that he was promised the higher rate of pay, his version of events was contradicted by the program committee chair for the prison where claimant was incarcerated. According to this employee, grade 4 pay rate positions were being abolished through attrition. Thus, when the other inmate left his job, only the grade 3 position held by claimant remained. In addition, the job description for claimant's position was broad enough to include the additional tasks performed by claimant upon the other inmate's transfer. Given this evidence, we cannot say that the court erred in concluding that claimant was not entitled to the professed increase in wages.

Finally, we note that the Court of Claims dismissed a portion of the claim as time barred. Given our conclusion that the evidence supported the court's determination on the merits that claimant was not entitled to grade 4 compensation, it is not necessary to consider this procedural issue. Claimant's remaining arguments have been considered and rejected as lacking in merit.

Mikoll, Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.